IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN EASLEY, | ) | |
| | ) | Case No. 1:21-cv-251 Erie |
| Plaintiff | ) | |
| | ) | RICHARD A. LANZILLO |
| v. | ) | Chief United States Magistrate Judge |
| | ) | |
| JOHN WETZEL, et al., | ) | ORDER on Plaintif's Motion for Sanctions |
| | ) | |
| Defendants | ) | [ECF No. 27] |
| | ) | |
| | ) | |

Presently pending before the Court is Plaintiff Warren Easley's Motion for Sanctions. ECF No. 65. For the reasons that follow, Plaintiff's motion is denied.

By way of background, Plaintiff initiated this action against a host of Defendants, one of whom – Lt. Gatto – is deceased. *See* ECF No. 60. On September 23, 2022, the Court ordered defense counsel to file an Amended Suggestion of Death including the names "the executor[s] or representative[s] of Defendant Gatto's Estate that can be substituted into this action pursuant to Rule 25 of the Federal Rules of Civil Procedure." ECF No. 56. The Court also instructed counsel to "serve the proper Suggestion of Death on any representative or successor of Defendant Gattos Estate to trigger the 90-day period in which Plaintiff may file a motion for substitution." *Id.* (citing Fed. R. Civ. P. 25(a)(3)).

Defendants complied with the Court's order on October 7, 2022. According to Defendants, an inquiry with the Forest County Register of Wills indicated that no estate has been opened for Lt. Gatto and, therefore, there is no executor, personal representative, or attorney that

can be substituted in this case. They suggest that Plaintiff's recourse, should he still wish to pursue his claims against Lt. Gatto, is to petition the Orphan's Court in Forest County to appoint a personal representative.

Rule 25(a)(1) of the Federal Rules of Civil Procedure states that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Whether someone is a "proper party" is governed by state law. *Ralston v. Garabedian*, 2022 WL 3647818, at *2-3 (E.D. Pa. Aug. 24, 2022). Under Pennsylvania's Rules of Civil Procedure, the proper party for substitution is the "personal representative of the deceased party." Pa. R.C.P. 2355(a). *See also Grimm v. Grimm*, 149 A.3d 77, 84 (Pa. Super. Ct. 2016) (substitution of the deceased party's personal representative is "mandatory" for action to proceed); 20 Pa. C.S.A. § 3372 (requiring "[s]ubstitution of the personal representative of a deceased party to a pending action or proceeding . . . as provided by law."). Thus, all actions surviving a decedent "must be brought by or against the personal representative of the decedent's estate." *Ralston*, 2022 WL 3647818, at *3 (quoting source omitted). *See also Reposh v. Sellers*, 2016 WL 1364247, at *3 (M.D. Pa. Apr. 6, 2016) ("Only the decedent's *personal representative* therefore has the capacity to represent the interests of the decedent under Pennsylvania's survival statute.") (emphasis in original). In this context, "personal representative" is defined as the "executor or administrator" of the estate. 20 Pa. Cons. Stat. § 102.

Because an estate has not been opened for Lt. Gatto, Defendants' Amended Suggestion of Death correctly notes that no executor or administrator exists at this time to serve as Lt. Gatto's personal representative in this action. Accordingly, Plaintiff's motion for sanctions

based on the purported insufficiency of that Notice must be denied. If Plaintiff wishes to proceed against Lt. Gatto, Plaintiff must petition the Forest County Orphans' Court to open an estate for Lt. Gatto and appoint an administrator for his estate. While the Court is sympathetic with regards to the difficulty of doing so from prison, the Court lacks any authority or jurisdiction to assist or advise Plaintiff with this process. Failure to do so in a timely manner may result in a recommendation that Lt. Gatto be dismissed from this action.

IT IS SO ORDERED.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: November 4, 2022